IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER S. PATTON
ADC #129975                                                          PLAINTIFF

v.                              No. 4:24-cv-588-DPM

BISHOP, Officer,
Plumerville Police Department                                        DEFENDANT

## ORDER

After a domestic altercation in an apartment, Patton was arrested by Plumerville Police Officer Bishop. Patton sues, claiming that his arrest was unlawful and that Officer Bishop violated the Eighth Amendment by arresting him instead of others involved. Patton also says his legal mail is being interfered with. At the Court's direction, Patton filed an amended complaint. *Doc. 4-1*. The Court must screen it. 28 U.S.C. § 1915A.

\*

*First*, Patton's unlawful arrest claim is a Fourth Amendment matter. The Court liberally construes Patton's *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court also accepts his pleaded facts as true and draws all reasonable inferences in his favor. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). He has plausibly alleged an unreasonable seizure. *E.g., Webster v. Westlake*, 41 F.4th 1004,

1013 (8th Cir. 2022); *Stufflebeam v. Harris*, 521 F.3d 884, 886-87 (8th Cir. 2008). Patton says he retreated to the bedroom after his girlfriend shot at him during an argument. And he says he was laying down with his hands behind his back when Officer Bishop kicked the door down and arrested him. *Doc. 4-1 at 4*. These facts are sufficient to state a claim.

*Second*, the official capacity claims against Officer Bishop are dismissed without prejudice. Those claims are really against Plumerville. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). And Patton hasn't identified a city policy or custom that was the moving force behind the alleged constitutional violations. *Watkins v. City of St. Louis*, 102 F.4th 947, 954 (8th Cir. 2024).

*Third*, Patton hasn't stated an Eighth Amendment claim about who was arrested. To repeat, he says his girlfriend shot at him, and also that Milton Harris, his girlfriend's brother-in-law, threatened his life. Patton claims Officer Bishop violated the Eighth Amendment when he arrested Patton, not his girlfriend or Harris. This Amendment says that "Excessive bail shall not be imposed, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The punishment clause, though, protects only those convicted of a crime. It doesn't speak to arrests. *Hott v. Hennepin County, Minnesota*, 260 F.3d 901, 905 (8th Cir. 2001). The Fourteenth Amendment's Due Process Clause extends similar protection to pretrial detainees. But Patton didn't fit in that category until after he was arrested. Plus any such

claim would needlessly duplicate Patton's Fourth Amendment unlawful arrest claim, which goes forward.

*Last*, Patton's mail problems. He protests how his jailers are handling his case-related mail. *Doc. 4-1 at 5*. But Patton doesn't sue anyone at the jail. And more importantly, the mail issue is an unrelated claim. Patton must first exhaust his administrative remedies on that new issue and then may bring a separate suit about it if he gets no relief from the jail. 28 U.S.C. § 1915(g); 42 U.S.C. § 1997e(a).

*

Patton's official capacity claims are dismissed without prejudice. His Eighth Amendment claim is too. His Fourth Amendment claim against Officer Bishop in his individual capacity goes forward. The Court directs the Clerk to issues a summons for Officer Bishop and deliver it, along with a copy of the amended complaint and this Order, to the United States Marshal for service. The Marshal must serve these papers on Bishop by restricted delivery, return receipt requested at the Plumerville Police Department. Patton does not have to prepay the fee or costs.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*1 November 2024*

-3-